## A. L. Viney et al., Appellees, v. W. D. Bird et al., Appellants.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifesly so.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

WELTY, STERLING & WHITMORE, for appellants.

FRANK B. MCKENNAN and HART & FLEMING, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by the firm of Viney

& Welch against the firm of Bird & Smith for the recovery of commissions claimed to be due the plaintiffs for services as brokers in effecting the sale of certain real estate in South Dakota. Upon the verdict of a jury, judgment was rendered by the trial court in favor of the plaintiffs for $240, to reverse which the defendants appeal.

Appellees were real estate agents of Bloomington. Appellants were engaged in the same business at Sioux City, Iowa, and were handling South Dakota land upon commissions.

It is not controverted that a contract existed between the parties whereby appellants agreed with appellees to pay them commissions, based upon acreage, upon all sales of land to customers introduced to appellants by appellees. As to the terms of the contract in other respects the evidence is conflicting. Appellees claimed and the evidence introduced in their behalf tends to show that they were to receive one dollar per acre for all lands sold to customers introduced by them, and that if such customers afterward made other purchases of land of appellants, appellees were to receive commissions thereon at the same rate without regard to whether or not they assisted in bringing about such subsequent sales.

The evidence adduced by appellants tends to show that the commission agreed to be paid appellees was to be one-half of the commission which appellants themselves were to receive upon sales, to be paid only when appellants had collected the same. The jury evidently concluded from the evidence that the terms of the contract were as claimed by appellees. If they gave credence to the testimony adduced by appellees, it cannot be said that such finding was clearly unwarranted, and we are therefore not at liberty to disturb the same. The evidence discloses that four quarters were sold to Rust and Beam, and that upon the first one sold, which belonged to Buller and Shaw, appellees had been paid commissions. The contro-

versy seems to have been as to what amount of commissions, if any, they were entitled upon the remaining three quarters. Inasmuch as it is not denied that the sale of the Buller and Shaw quarter was brought about through the introduction of the purchasers by appellees, it follows that under their theory of the contract, they were entitled to commissions upon the two quarters subsequently sold to the same parties although they may not have been the direct and efficient cause of the sale, and regardless whether the commissions due appellants from their principal had been received by them. The jury were therefore warranted in returning a verdict for $240 which was less than the sum claimed by appellees.

It is urged that the court erred in admitting in evidence certain letters which passed between the parties. We think the letters were competent, notwithstanding they may have had but slight probative effect. We find no prejudicial error in the rulings of the court upon the instructions.

The judgment will be affirmed.

*Affirmed.*